The last case today on this docket is People v. Keen, 06-447. Mr. Wells here and Ms. King. Mr. Wells, are you ready to proceed? All right. May I please report, counsel? My name is Larry Wells. I represent the defendant, Mr. Keen, in this court. Mr. Keen pled guilty to the drug offense. Now, this was a fully negotiated plea, and mandatory supervised release was no part of the guilty plea deal. At the guilty plea hearing, he was not advised that there was any threat of mandatory supervised release. He was sentenced, and he was not sentenced to any mandatory supervised release time. In fact, if you look in the back of the supplemental brief, you'll see the judgment order. And the judgment order says, months to be served on mandatory supervised release, zero. And it's signed by the judge. Now, what happened was, when he got the DOC, at some point, the Department of Corrections administratively added mandatory supervised release time to the sentence of contravention to the judgment order. Mr. Keen filed a post-conviction petition alleging ineffective assistance of counsel, and he withdrew that on his own motion to dismiss. Within a year, he filed a 214-01 petition raising this Whitefields claim, that he was not advised or warned in any way that there was mandatory supervised release, and it was no part of the guilty plea. And yet, some portion of the Illinois government imposed this additional burden upon him. On what date did he file the original post-conviction that he later withdrew? The date of filing that? I may have found it. Is it May 27, 2005? Yes, May 27, 2005. Okay, okay. That looks like it's correct to you. I believe that's correct. And he voluntarily withdrew it then, I guess? Yes, I did. And was he represented by counsel then? He was. Yes, he was represented by counsel and voluntarily withdrew. Is there any significance to why he withdrew it or not? I don't think that that's explained in the reference. He filed a 214-01 petition within a year of raising the Whitefields claim, but the court did not view this as a 214-01 petition. Instead, the court re-designated this as a post-conviction petition, declared it to be a successive post-conviction petition, and then said that he had filed it without leave of court and dismissed it as frivolous. Now, the court did not advise Mr. King of the re-designation or provide him any opportunity to make good any defect in his plea. And the state concedes here that he's entitled to that relief. He's entitled to have the case remanded for a re-designation warning and an opportunity to amend his plea. So the only dispute here is over what relief Mr. King can get. The state says he can't get any relief under Whitefield because he filed a successive petition. But he didn't file a successive petition. First, under the Post-Conviction Hearing Act, you can withdraw or dismiss a post-conviction petition at any time. And he didn't. Under the language of Shelstrom, the court says the purpose of warning somebody about the re-designation is so that they can withdraw a post-conviction petition that they've already filed. And why? So they will not have to have the detriments of a successive petition. So the language in the Shelstrom case recognizes that when you utilize that right under the Post-Conviction Hearing Act to withdraw or dismiss your PC voluntarily, you can redefine it. And it's not successive. You don't have to bear the burden of a successive post-conviction. And then there's the Civil Practice Act, which is what is the authority behind the Post-Conviction Act. And that provides, under Section 3-217, that you can refile a claim that you have raised within a year without prejudice. And that's exactly what he did. He filed a claim, refiled a claim, within a year. And he should not have any prejudice for it. Fine. Let's get down to a real court fact here. That is the facts of the case, the central facts. There's no dispute about these. The state is not bringing any dispute about what their deal was with the defendant. They admit that the deal that they made was that he would not get mandatory supervised release. They admit that he wasn't warned about it. They admit he wasn't sentenced to it. And they have had no dispute whatsoever with the judge nor that says he's supposed to serve zero time mandatory supervised release. So the central facts of the case show that his guilty plea was violated, and he's entitled to relief under it. The state's only complaint is that somehow he's got to jump through the right hoops to get there. But sometimes the court puts people to jump through the hoops. Was this petition that he filed, the 214-101, was that, in your opinion, a post-conviction petition or was it a 1401 petition? I don't think it makes any difference. I don't think it makes one bit of difference whether we analyze this as a 214-01 or a post-conviction petition. I think it's completely valid as both. It's a valid 214-01 petition. Well, there's various time limits that would apply to a post-conviction petition that may not apply to a 1401 petition. There's other substantive differences also. I mean, if it's a post-conviction petition, then he has to recharacterize it, as in Fowler-Shelstrom, recharacterize it following the statutes there. I mean, there are differences between a 1401 petition and a post-conviction petition. The only thing I'm saying is it doesn't matter in this case which one of the paths were followed. Maybe when we get to the substantive issues, but we've got to still, I know it bothers a lot of us, we still have to get to the right procedure first in order to get to the substantive issues. We can't just jump over these procedural problems here. And it doesn't matter. It wouldn't make any difference what the court decided to use the statute to call it. Well, if it's a 2-1401, it's over two years past the date of conviction and state conviction. In this case, there's new evidence that would apply to prison. You're going to have to prove an exception to the two-year limit, then. We can't find an exception to that. No, but the decision that was made in Whitfield is something that was different in the law, the change in the law that would allow them to succeed on this. And it sounds like you've got a good argument here on it. But procedurally, don't we have to decide whether this is a post-conviction petition or a 1401 petition? I don't believe that you do. The Illinois Supreme Court has said that if the record itself shows that this defendant is entitled to relief, and it's an extraordinary enough case that you can see that he's entitled to relief, then it doesn't matter. This Court has said the same thing itself. That it's not going to have to decide whether— If he blims the statute of limitations somehow, then he would not be entitled to relief. You would agree with that, right? No, there's lots of exceptions to the statute. Pardon? There's lots of exceptions to the statute. But you have to show that, though. In front of the trial court. I think that the record here shows that he's got a Whitfield violation, and that the facts of the Whitfield violation are established. And that this Court could order— Why don't you just go with the post-conviction for right now? Okay, let's go with that. Let's go with the three years. Let's go with that. Okay. Let's go with that. And so it looks like you're within the three years when you filed your original petition. That's right. And then you get the one year on the extension. The 3-217, he gets a one-year period to file a brief file, which he did. It's not successive because— It's within the one year. Yeah, and he gets the final. So when you go back, that's what you would pick, correct? Well, except that he would be able to— It's not successive once. He doesn't have to jump through any hoops. All he has to do is—we'd ask this Court to remand this case to allow him to choose his remedy under Whitfield. Because his pleading establishes, and the record establishes, his right. Okay, you're asking us to remand it also then. Or not also, but you're asking us to remand it back to them So he gets to pick if he wants to file a post-conviction. No. No. Well, then he could—we'd ask him that you direct the Circuit Court to allow him to choose under Whitfield whether he would withdraw his guilty plea or get the sentencing relief. Oh, withdraw his guilty plea. Or get the sentencing relief under Whitfield. Oh, so you want to maintain both options? Under Whitfield, he gets to choose. I just was wondering. I hadn't thought that. I thought you were asking for nine years. You're asking for—you're potentially preserving the ability to withdraw the plea. Well, I think that he can. I think under Whitfield, when he gets back down, he'll be allowed to do either one or the other. I missed that. I'm sorry. Go ahead. And that's it. We'd ask this Court to find— Again, it doesn't really matter what line of analysis he ends up getting relief. Questions? Thank you, Counsel. Counsel. Thank you. I'm Jennifer Camden on behalf of the people, and may it please the Court, Counsel. First, something that was stressed at the very end. Just a moment. I hadn't caught it either that the Petitioner was asking for anything other than shortening his prison sentence. That's all he said in his brief, that that's all we can do. Yes, Your Honor. I'd submit that the only thing that this Court can do is remand under Pearson. With respect to the initial post-conviction petition that the Petitioner filed, just to make it clear, the ineffective assistance of counsel claim in that initial petition was not related to the Whitfield claim. It was unrelated to the present claim. The Petitioner has argued today that Shellstrom mandates that this petition be considered an initial petition, a refiled initial petition. This is an argument that the people addressed in their supplemental answer brief, and I won't repeat it here other than to stress that Shellstrom speaks to the fact pattern where a trial court renames a pleading as an initial post-conviction petition, and it's Pearson that deals with the fact pattern that occurred here, where a trial court characterizes a pleading as a successive post-conviction petition. So it's Pearson and not Shellstrom under which this case should be remanded. What about the English case that Judge Litton wrote out of the third? It just seemed to simply say you could refile it within a year. Well, Your Honor, in both English and Pace, what happened was this, and the facts of those cases contradict the facts of this case on some important points. In both English and Pace, what happened is that the Petitioners filed initial post-conviction petitions and then withdrew them conditionally, either with leave to refile or without prejudice, and this was asked for by the Petitioners in both English and Pace in those cases at the time of the initial withdrawal. In this case, the Petitioner, in contrast to English and Pace, with counsel present simply withdrew his initial petition, and the trial court questioned both the Petitioner and post-conviction counsel closely on the issue of whether the Petitioner understood what it was that he was doing. The judge asked the Petitioner himself whether he understood that he would, quote, undoubtedly not be able to raise the issues that you've put in your petition again, and the Petitioner affirmed that, yes, he understood that, and so did his counsel. You think the trial court could have prevented him from voluntarily dismissing that petition? Could have prevented him from voluntarily dismissing that petition. You're making it sound like it was dismissed with prejudice based on the warnings that the trial judge gave him. I'm pointing out that the Petitioner did not reserve the right to refile or to amend. I just don't. Okay. I see your point, though. And also, Your Honor, in both English and Pace, the Petitioners in those cases did not file new petitions as the Petitioner did here. Rather, in both English and Pace, the Petitioners moved for leave to reinstate their original petitions, and that's something that didn't happen here. Here the Petitioner filed a 2-1401 petition. The issue in English and Pace was the timeliness of that motion, the motion to reinstate. What was the grounds that he alleged in his original post-conviction petition? Did he allege a Whitfield violation? No, Your Honor, he did not. It was in effect assistance of counsel. I believe the argument was that counsel had coerced him into making the plea. I don't want to drive you crazy on that, but the trial court didn't rule on anything prior to the dismissal? No, Your Honor. Okay. It reached the second stage. He was appointed counsel. Okay. And then withdrew. And in response to Justice Fulmer's inquiry earlier, no, the record doesn't appear to disclose why it was that way. Before you run out of time, I'd jump and lose half your argument, but if we do remand this thing, what are you going to do? I mean, where is the state at at this point in this kind of case? It looks like there is a Whitfield violation. Do you have any recourse when you get back there? Well, Your Honor, under Pearson— Or does it make a difference here? Yeah. At this point, Your Honor, the merits of the claim are irrelevant, and the case law for that point is cited in the brief. What would happen would be that the trial court would give the petitioner notice of its intention to characterize it as a successive post-conviction petition and then afford him the opportunity either to withdraw it or to amend it to attempt to allege cause and prejudice, and that's— Assuming that it is a successive post-conviction petition. Assuming that it is a successive post-conviction petition, yes. Do we determine whether it's successive or does the trial court? Your Honor, the designation of the petition as successive was one that was made by the trial court. I did attempt to look at that issue here, and I would note that in Pearson, the Illinois Supreme Court had some questions about whether the petition was a post-conviction petition and simply remanded the issue back to the trial court for, quote, reconsideration of whether it was successive. The Supreme Court didn't make that determination itself. But as to the standard of review on that point, the case law appears to be silent. Okay. Justice Ballmer had asked whether this Court had to decide whether it's a Section 1401 petition or a post-conviction petition, and I'd submit that, no, that's not a decision that this Court has to make, that the only thing that this Court can do is to remand under Pearson. I'd also point out that the petitioner in this case appears not to be asserting his argument in the briefing that this Court can and should issue him direct relief now rather than remand it. And, of course, it's the people's position that remand is proper and that this Court should not issue direct relief, as none or any of its progeny follow that procedure. Does the Court have any questions? No. Thank you. Thank you. Andrew Rebello, counsel. I believe the question of whether this petition was a successive petition or not is a question of law. There's no fact-finding that needs to be done on that. The position of this initial filing that was withdrawn is a legal matter, and the status of his later pleadings is a legal question, and it can't be a successive petition. As far as what the result is of withdrawing an earlier filed petition, again, we cite Shelton. The language says that if the defendant withdraws, he would not, quote, be subject to the restrictions on successive post-conviction petitions. That's the quote from Shelton cited in our briefing. Let me ask this. Why would we make this decision at this point when it may never be an issue? You may go back there. We send it back for admonitions, and you say I want a 2-1401. We don't have to worry about whether it's a successive petition or if it's the original petition. Why would we rule on something that may never come before the court? I'm not sure I understand what you mean. The court below has already said that it's a successive petition. No, but we're going to, if you want us to send this back, admonish the guy that he gets to pick which one. Oh, that's not what we want. We don't want you to admonish him that he gets to pick either a 2-1401 or post-conviction petition. We want the circuit court to be informed that the defendant gets to choose his relief under Whitfield, that he can either withdraw his guilty plea or get the sentencing relief under Whitfield. I did finally understand what you meant by that. Okay, I got it. This is one of those extraordinary situations where the record itself shows the defendant is not entitled to relief. And this has dragged on so far and for so long that he's going to lose his relief under Whitfield. He's going to win, but he's going to end up losing. He's not going to get anything out of the circuit that doesn't move quickly. That's the whole, I mean, that was the purpose behind the summary motion request, and that's why at this point it's hard to say whether he's going to gain any benefit from having an additional credit granted to him for the 9 years. Do you know when his outdate is? He's on parole now. He's on parole now? Yeah, the only way he's going to get relief. Well, then how could he ever get any relief here if he's on parole? Yes, he can. He gets the one year off his mandatory supervised release? No, he can't get that. If he chooses the sentencing relief option so that he gets the 9 years, and if he gets in trouble on parole, and if he's sent back, and if he gets good time taken away, he's going to be credited for the additional time. That's how long this is taking. And that's why at this point he may choose to withdraw his guilty plea instead. It might be the best choice he's got. And risk the whole thing, I guess, huh? Maybe. Don't know. It's gone by. It's hard to say. I object to this discussion because it wasn't decided. That's okay. We'll take it. Any other questions? No. Thank you, counsel. We'll take this matter in writing. We'll get back with you as soon as we possibly can, knowing the times of the absence here.